FILED
United States Court of Appeals
Tenth Circuit

April 21, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GENE A. SPREITZER,

        Plaintiff - Appellant,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee for
Ameriquest Mortgage Securities, Inc.;
HOMEWARD RESIDENTIAL, INC.,

        Defendants - Appellees,

and

JAMES H. WOODALL; HEATHER M.
MCGINLEY; JAMES H. WOODALL,
PLLC; DEFAULT RESOLUTION
NETWORK, LLC; AMERIQUEST
MORTGAGE COMPANY; DAVID
APPLEGATE,

        Defendants.

No. 14-8023
(D.C. No. 1:12-CV-00206-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Gene Spreitzer appeals from the district court's order dismissing his amended complaint with prejudice and denying his motion for leave to further amend his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In 2003, Spreitzer obtained a home loan from Ameriquest Mortgage Company (Ameriquest). The loan was evidenced by a note and secured by a mortgage (the Note and Mortgage). In 2009, Ameriquest assigned the Note to Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities, Inc., Asset-backed Pass-through Certificates, 2003-11 (Deutsche Bank). In 2012, Deutsche Bank began sending Spreitzer foreclosure notices, initially through attorney James H. Woodall and later through Homeward Residential, Inc. (Homeward), which acted as servicer of the loan for Deutsche Bank.

Spreitzer responded by filing the action underlying this appeal. After several defendants moved to dismiss his initial pro se complaint, he filed an amended complaint (Amended Complaint), also pro se. In the Amended Complaint, he alleged Ameriquest's indorsement of the Note "without recourse" was an acknowledgement that it had received full payment on the loan, extinguished his obligation under the Note, and required Ameriquest to release the Mortgage. He also alleged the

assignment to Deutsche Bank was a sham. He asserted claims under the Fair Debt Collection Practices Act (FDCPA) and the Racketeer Influenced and Corrupt Organizations Act (RICO), and he sought to quiet title to the property subject to the mortgage. Defendants filed motions to dismiss the Amended Complaint, and briefing on those motions was completed by January 2013. In May 2013, an attorney entered an appearance on Spreitzer's behalf.

In mid-December 2013, the district court granted the motion to dismiss the initial complaint filed by Campbell County Abstract Company and its president, Barbara S. Redder (Campbell defendants), and denied as moot four other motions to dismiss the initial complaint. In late January 2014, Spreitzer's counsel filed a "Motion for Leave to File Second Amended Complaint" (motion to amend) and attached a proposed Second Amended Complaint. Several of the remaining defendants opposed the motion. On March 3, 2014, the district court granted the remaining motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissed the Amended Complaint with prejudice, and denied the motion to amend. This counseled appeal followed.

## DISCUSSION

Because Spreitzer proceeds on appeal only against Deutsche Bank and Homeward (together, the Bank Defendants), who jointly moved to dismiss, our focus is on the district court's resolution of the claims against them. We review a Rule 12(b)(6) dismissal de novo. *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227

(10th Cir. 2004).  We construe Spreitzer's pro se filings in the district court liberally but we do not advocate for him.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### A.    Motion to Amend

We first address the district court's denial of Spreitzer's motion to amend.[1] The court noted that under *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993), untimeliness alone is a sufficient basis to deny leave to amend.  The court reasoned that counsel had delayed too long (nearly nine months) after entering his appearance, that his need to review prior filings was insufficient justification for the delay, and that although Spreitzer's counsel suggested "special counsel" prepared the Second Amended Complaint, no other attorney had sought admission *pro hac vice*. The court found Spreitzer's actions dilatory for the independent reason that he filed the motion to amend only after the court had dismissed the claims against the Campbell Defendants.  The court also concluded that granting the motion to amend would substantially prejudice the Bank Defendants, would prejudice resolution of the case, and would be contrary to justice.

Because the district court did not deny leave to amend based on futility, our review is only for abuse of discretion.  *See Fields v. City of Tulsa*, 753 F.3d 1000,

---

[1]    Because Spreitzer's appeal involves the denial of the motion to amend, he had an obligation to include the motion in the appendix.  *See* 10th Cir. R. 10.3(D)(2), 30.1(B)(1).  He did not do so, but we exercise our discretion to take judicial notice of the motion.  *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).

1012 (10th Cir. 2014). Rule 15(a)(2) of the Federal Rules of Civil Procedure governs amendments requiring leave of court and provides leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay," "dilatory motive," and "undue prejudice to the opposing party" are among the reasons a district court "may withhold leave to amend." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (internal quotation marks omitted).

Spreitzer argues that any prejudice to the defendants resulted from the district court's delay in ruling on the motions to dismiss the Amended Complaint. He claims his counsel waited to seek leave to file the second amended complaint until after the district court ruled on the pending motions to dismiss "so that the proposed Second Amended Complaint," which was the first pleading filed by counsel, "could be properly structured." Opening Br. at 43. And he distinguishes *Frank* on the ground that in *Frank*, unlike here, the court denied leave to amend after an amendment deadline.

We are not persuaded. First, the time that passed while motions to dismiss were pending in the district court only served to exacerbate Spreitzer's delay because that time provided his counsel additional opportunity (again, nearly nine months) to consider whether to seek leave to amend Spreitzer's pro se Amended Complaint. Although Spreitzer alleged in his motion to amend that he only "recently" retained special counsel who drafted the proposed Second Amended Complaint, Doc. 136

- 5 -

at 1, Spreitzer stated in a supportive reply that "the initial work by special counsel involved months of factual and legal research," Aplt. App. at 244. Yet during all those "months" Spreitzer's counsel of record took no action in the district court despite being on notice that the court could rule on the motions to dismiss at any time.

Second, in the district court, Spreitzer did not argue strategic reasons justified his delay, and he has not argued plain error here. Thus, he has forfeited our consideration of that argument. *See Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127-31 (10th Cir. 2011) (declining to conduct plain-error review of theory presented for first time on appeal when appellant did not "argue for plain error and its application on appeal"); *Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1244 (10th Cir. 2009) (stating "we generally do not consider new theories on appeal—even those that fall under the same general category as one that was presented in the district court").[2]

---

[2] In any event, Spreitzer's argument that his delay was strategic is unconvincing, because he filed his motion to amend *before* the district court had ruled on the Bank Defendants' motion to dismiss. Therefore, the court's ruling on that motion to dismiss could not have informed counsel as to how to "properly structure" an amended complaint. Nor did the district court's dismissal of the claims against the Campbell Defendants provide Spreitzer any guidance. The court dismissed the claims against those defendants (a title company and one of its employees) because Spreitzer failed to allege any facts showing their involvement with the foreclosure efforts or any alleged extortion or mail fraud. That rationale has nothing to do with the changes Spreitzer sought to make with the proposed Second Amended Complaint, in which he did not even name the Campbell Defendants.

Finally, *Frank* may be factually distinguishable, but the district court relied on *Frank* only for its general rule that undue delay is a sufficient reason to deny leave to amend, then applied that rule to the facts here. And we see no abuse of discretion in the court's determination that the delay was undue or, as *Frank* also requires, without "adequate explanation," *Frank*, 3 F.3d at 1365-66.

Because the district court did not abuse its discretion in denying the motion to amend, Spreitzer's pro se Amended Complaint remains the controlling pleading. Therefore, we base the following review of the district court's denial of his motion to dismiss on the facts alleged in that pleading, disregarding those portions of the factual statement and argument in Spreitzer's opening brief based solely on the proposed Second Amended Complaint.

## B. Motion to dismiss

### 1. FDCPA claims

The district court concluded Spreitzer's FDCPA claims failed because the Bank Defendants are not "debt collectors" within the meaning of the FDCPA. In relevant part, the term "debt collector" excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Applying that provision, the district court determined that, under Wyoming law, the application of which no party challenges, Ameriquest's indorsement of the Note "without recourse" did not mean

that the note was paid off or that Spreitzer no longer was obligated under it, as he argued. Instead, such an indorsement disclaims the indorser's liability, and if the instrument is dishonored, the indorser is not obligated to pay the amount due on it. *See* Wyo. Stat. Ann. § 34.1-3-415(a), (b). Based on this analysis, the district court concluded Spreitzer failed to advance plausible allegations that he was not obligated under the Note when it was assigned to Deutsche Bank in 2009.

Spreitzer has not challenged the district court's analysis of this issue (other than to rely on facts solely pled in his proposed Second Amended Complaint, which we have determined is not controlling). But he takes issue with the court's rejection of his argument that the assignment itself was invalid because it occurred in 2009, after the closing date (in 2003) of the securitized trust into which the Note and Mortgage were placed (and of which Deutsche Bank was the trustee), and therefore was in violation of a related pooling and service agreement (PSA). Applying the *Iqbal*[3] standard for determining the sufficiency of a complaint, the district court concluded Spreitzer failed to allege any facts supporting a plausible claim that the assignment was void. The court therefore concluded, as have other courts to consider the issue, that Spreitzer lacked standing to challenge the assignment as voidable based on non-compliance with the PSA.

Spreitzer argues the cases relied upon by the district court are not binding and the law is unsettled because other courts have reached a different conclusion. But we

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

need not resolve this issue because we can affirm on another ground supported by the record but not relied upon by the district court. *See Bixler v. Foster*, 596 F.3d 751, 760 (10th Cir. 2010). The Bank Defendants argue, as they did below, that a valid assignment was not necessary for them to have obtained the Note at a time when it was not in default.[4] We agree. When a negotiable instrument is indorsed in blank, it is "payable to bearer." Wyo. Stat. Ann. § 34.1-3-205(b). When an instrument is "payable to bearer," "the person in possession" of it is the "[h]older," *id.* § 34.1-1-201(xx), and the holder of an instrument is a "[p]erson entitled to enforce [it]," *id.* § 34.1-3-301. Further, "a transfer of [a note] will carry with it the mortgage security and operate as an equitable assignment thereof unless it is agreed otherwise." *Bradburn v. Wyo. Trust Co. of Casper*, 63 P.2d 792, 797 (Wyo. 1936).

Spreitzer admitted in his Amended Complaint that Ameriquest indorsed the Note "in blank without recourse . . . by the hands of Kirk Langs, COB and CEO, and John P. Grazer, E.VP and CFO." Aplt. App. at 37. The document itself reveals as much. *See* Aplee. Supp. App. at 4. He does not allege that Deutsche Bank was not in possession of the Note (i.e., not a holder) or that he was in default when Deutsche Bank came into possession of it, which is the relevant point in time for the inquiry, not, as Spreitzer suggests, the time when foreclosure proceedings commence, *see* Reply at 6. Accordingly, the Amended Complaint contains no plausible allegations

---

[4] Because the Bank Defendants raised this ground in the district court and again on appeal, Spreitzer has had an adequate opportunity to address it. *See Bixler*, 596 F.3d at 760.

- 9 -

that the Bank Defendants obtained the Note while it was in default – allegations that would be necessary to skirt the relevant exclusion from the FDCPA's definition of "debt collector" in 15 U.S.C. § 1692a(6)(F).[5]

## 2. RICO claims

Spreitzer asserted two civil RICO claims, one for extortion and one for mail fraud. In his extortion claim, he alleged the Bank Defendants "attempted to extort roughly $150,000 from [him] by threatening to sell and seize [his] home under color of official right by and through the use of a fabricated, phony, false, sham, fraud on-its-face, alleged 'Assignment of Mortgage,' which had no enforceable security interest granting Defendants any present right of possession." Aplt. App. at 53 (emphases omitted).

Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The district court dismissed

---

[5] Spreitzer also argues that, because only a motion to dismiss was at issue, the district court erred in discussing the facts he was required to "prove" and in relying on a case decided at summary judgment. But contrary to Spreitzer's suggestion, the district court did not conduct improper fact-finding at the Rule 12(b)(6) stage or wrongfully construe inferences against him. Instead, the court simply reviewed the facts Spreitzer would be required to prove in order to prevail on his FDCPA claim in determining whether he alleged facts giving rise to a plausible claim for relief under *Iqbal*, then determined the facts he alleged were legally insufficient. We also reject Spreitzer's assertion that the district court converted the motion to dismiss into one for summary judgment without providing him notice and an opportunity to present any relevant evidence. We conclude the court appropriately confined itself to the allegations of the Amended Complaint and the documents attached to it or referred to in it.

the extortion claim because the Bank Defendants were private entities, as Spreitzer himself had alleged, not entities acting "under color of official right," which requires "a public official's attempt to obtain money not due him or his office," *United States v. Troutman*, 814 F.2d 1428, 1456 (10th Cir. 1987). Spreitzer apparently concedes that point, and now argues that by alleging the Bank Defendants were threatening to seize his home, he adequately (if inartfully) pled the alternative "wrongful use of actual or threatened force" iteration of extortion under § 1951(b)(2). But even if we accept his claim that his pleading adequately alerted the district court to an alternative basis for his argument, his claim fails because, as explained in our analysis of his FDCPA claims, the Bank Defendants' foreclosure efforts were not "wrongful."

A predicate RICO mail-fraud claim under 18 U.S.C. § 1341 involves "use of the United States mails" to execute a scheme "to defraud or obtain money or property by false pretenses, representations or promises." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). A plaintiff must plead mail fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* The district court observed that Spreitzer failed to specify the allegedly false representation sent by mail but the court assumed it was the representation that the Note, Mortgage, and assignment were valid and gave the Bank Defendants the right to foreclose. Based on that assumption, the district court concluded that Spreitzer's allegation that the Bank Defendants made a "false" representation failed because it was premised on his

- 11 -

"misguided belief that [indorsement] 'without recourse' represents a satisfaction of the debt." Aplt. App. at 279. The court also held Spreitzer failed to plead fraud with the particularity required by Rule 9(b).

On appeal, Spreitzer argues the district court erred in assuming that the Bank Defendants' allegedly false representation concerned their right to foreclose. Yet Spreitzer fails to identify any other false representation, and he ironically overlooks the district court's assumption in his favor. The court could simply have dismissed the mail-fraud claim based on Spreitzer's failure to identify any allegedly false representation.

### 3. Quiet-title claim

The district court dismissed Spreitzer's quiet-title claim concluding he based that claim on the weakness of the Bank Defendants' title rather than the strength of his own. *See Kirby Royalties, Inc. v. Texaco, Inc.*, 458 P.2d 101, 106 (Wyo. 1969) (explaining the "plaintiff in a quiet title action[] has the burden of proof and must stand on the strength of its own title and not the weakness of the title of defendants"). The court observed that although Spreitzer attacked the Note, the Mortgage, and the assignment, he never alleged he satisfied the Note or was not in default. Relying on an unpublished federal district court case applying Utah law, the district court held that "[i]t is [Spreitzer's] default that clouds his title." Aplt. App. at 280.

Spreitzer argues he sufficiently pled a cause of action to quiet title under Wyoming law, that the district court's reference to his burden of proof shows that the

court impermissibly converted the motion to dismiss into one for summary judgment, and that the court's reliance on Utah case law conflicts with Wyoming's quiet-title statute. We are unpersuaded. The district court properly considered Spreitzer's burden of proof in determining whether his allegations set forth a plausible claim for relief, and in doing the court so did not convert the motion to dismiss into one for summary judgment. The district court relied on a case applying Utah law only for a general legal principle and that case was not, in any event, dispositive of Spreitzer's quite-title claim. Instead, Spreitzer predicated that claim wholly on his legally incorrect allegation that Ameriquest's "without recourse" indorsement of the Note "render[ed the] 'Mortgage' a nullity" and that the Mortgage, along with the assignment, "should be stricken from the chain of title." *Id.* at 56. Thus, we affirm the district court's dismissal of Spreitzer's quiet-title claim.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge